UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ROJAS-CIFUENTES on behalf of himself, on behalf of all others similarly situated and in the interest of the general public,<br><br>Plaintiff,<br><br>v.<br><br>ACX PACIFIC NORTHWEST INC., PACIFIC LEASING, LLC, JOHN M. GOMBOS, JOHN E. GOMBOS and Does 1-20,<br><br>Defendants. | No.  2:14-cv-00697-JAM-CKD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND** |

This matter is before the Court on Miguel Rojas-Cifuentes' ("Plaintiff's") Motion for Leave to Amend Complaint in its suit against ACX Pacific Northwest Inc., Pacific Leasing, LLC, John M. Gombos, John E. Gombos, and Does 1-20 (collectively "Defendants").[1]  For the following reasons, the Court GRANTS Plaintiff leave to amend the complaint.

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for September 20, 2016.

1

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff and Pablo Hernandez filed this wage and hour suit against Defendants on March 14, 2014, seeking to represent themselves and a class of non-exempt employees employed by, or formerly employed by, ACX Pacific Northwest Inc.  Compl., ECF No. 1, at 2.  Plaintiff worked for Defendants for a little more than one year, up to about May 13, 2013.  Declaration of Season Susko in Support of Defendants' Opposition ("Susko Decl."), ECF No. 40:2, at 2:19-20.

Plaintiff filed his First Amendment Complaint ("FAC") on May 6, 2014, which no longer included co-plaintiff Pablo Hernandez. ECF No. 5.  In his scheduling report, filed June 9, 2016, Plaintiff proposed a "deadline for amendments to the pleadings after substantial discovery has occurred" and reserved "the right to amend the pleadings as evidence is discovered through the course of litigation."  ECF No. 11 at 4:11-14.  Four days later, Judge Burrell adopted Plaintiff's proposed Briefing Schedule without any modifications to the proposed amendment timeline. ECF 12.  The parties filed a Joint Status Report on November 23, 2015, which proposed "that the deadline for amendments to the pleadings be set as May 1, 2016, after substantial discovery has occurred."  ECF No. 16 at 4:21-27.  Again, Plaintiff reserved the right to amend as evidence is discovered.  Id.  The case was reassigned to Judge Mendez on January 8, 2016.  ECF No. 18.  The Class Certification Schedule was moved out several more times, ECF Nos. 22 & 26, and discovery is ongoing, ECF Nos. 23, 24, 38, 41, & 47.  Currently, the deadline for Plaintiff to file a Motion for Class Certification and Motion to Certify a collective action

2

under the Fair Labor Standards Act is November 14, 2016. ECF No. 26. The Court has not issued a pretrial scheduling order or otherwise set a deadline for amendment of the pleadings.

Plaintiff filed this Motion for Leave to Amend Complaint on July 12, 2016. ECF No. 29. The motion as filed was deficient and the Court required re-notice in compliance with Local Rule 230(a). ECF No. 33. The motion hearing was rescheduled for September 20, 2016. ECF No. 34. With his motion, Plaintiff filed a Declaration from Marco Palau, the attorney primarily responsible for discovery, with a copy of the proposed Second Amended Complaint attached. Declaration of Marco A. Palau ("Palau Decl.") Ex. 1, ECF No. 31:1. Palau's Declaration relates that the reason for seeking amendment at this late date is that certain issues with the pleadings were raised by opposing counsel early this year as the parties conferred over discovery. See Palau Decl.;[2] see also Declaration of Kevin D. Sullivan ("Sullivan Decl."), ECF No. 40:1 at 2:12–21 (confirming the discovery dispute). Plaintiff filed a Motion to Compel production of discovery on some of these disputed matters. ECF No. 38. Magistrate Judge Delaney conditionally granted that motion pending resolution of this motion. ECF Nos. 46 & 47.

## II. OPINION

A. <u>Legal Standard</u>

Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent

---

[2] The Court received Defendants' Objections to Declaration of Marco A. Palau. The Court has only considered those statements appropriate for submission by declaration.

3

1  or the court's leave.  The court should freely give leave when
2  justice so requires."  Leave to amend "lies within the sound
3  discretion of the trial court" and "[t]he denial of a motion to
4  amend is reviewed for abuse of discretion."  DCD Programs, Ltd.
5  v. Leighton, 833 F.2d 183, 185-86 (9th Cir. 1987) (citations
6  omitted).  The Ninth Circuit has noted that "Rule 15's policy of
7  favoring amendments to pleadings should be applied with extreme
8  liberality."  U.S. v. Webb, 655 F.2d 977, 979 (9th Cir. 1981).
9  In deciding whether to deny leave to amend, a court considers
10 "bad faith, undue delay, prejudice to the opposing party,
11 futility of amendment, and whether the plaintiff has previously
12 amended the complaint."  Johnson v. Buckley, 356 F.3d 1067, 1077
13 (9th Cir. 1999).  "Delay, by itself, is insufficient to justify
14 denial of leave to amend."  DCD Programs, 833 F.2d at 186.  On
15 the other hand, futility of amendment alone can justify such
16 denial.  Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).
17     B.   Analysis
18     Plaintiff wishes to add a meal period cause of action to the
19 fourth claim for relief and factual meal period allegations
20 throughout the complaint, including to the Unfair Labor
21 Competition (UCL) claim.  Mot. at 1.  Plaintiff also wants to add
22 to his allegations concerning Defendants' alleged failure to
23 compensate for all hours worked.  Id.  The deficiencies in the
24 complaint that Plaintiff seeks to remedy came to counsel's
25 attention through a discovery dispute with Defendants that arose
26 as the parties conferred earlier this year.  Id. at 1-4; Palau
27 Decl. at 2:7-15, 2:20-22; accord Sullivan Decl. at 2:12-21.
28 Defendants argue that amendment would be futile because the

4

changes would not relate back to Plaintiff's original claims and because Plaintiff's new factual allegations fail to state a claim entitling Plaintiff to relief. Opp. at 1. Defendants also contend that Plaintiff "unduly delayed" pursuit of amendment by waiting over two years to further amend the complaint and that Defendants will be prejudiced if leave to amend is granted. Id.

### 1. Futility of Amendment

"[T]he general rule that parties are allowed to amend their pleadings does not extend to cases in which any amendment would be an exercise in futility or where the amended complaint would also be subject to dismissal." Novak v. U.S., 795 F.3d 1012, 1020 (9th Cir. 2015) (citations omitted). Federal courts will determine the legal sufficiency of the proposed amendment under the Rule 12(b)(6) standard. Miller v Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) abrogated by Ashcroft v. Iqbal, 556 U.S. 662 (2009); see Gibson Brands, Inc. v. John Hornby Skewes & Co., Ltd., No. CV 14-00609 DDP(SS), 2015 WL 4651250, at *4 n.4 (C.D. Cal. Aug. 4, 2015) ("[A]s the Miller court noted, the test for futility is the same as the test applied on a Rule 12(b)(6) motion. After Ashcroft v. Iqbal, that pleading standard is no longer viable. Thus, the proper standard is Iqbal's plausibility standard.") (citations omitted). The Court will therefore consider whether Plaintiff's allegations, taken as true, state a plausible claim for relief. See Iqbal, 556 U.S. at 678. "Leave to amend is warranted if the deficiencies can be cured with additional allegations that are 'consistent with the challenged pleading' and that do not contradict the allegations in the original complaint." U.S. v. Corinthian Coll., 655 F.3d 984, 995

(9th Cir. 2011) (quoting Reddy v. Litton Indus., Inc., 912 F.2d 291, 296-97 (9th Cir. 1990)).

### a. Meal Period Claim and Allegations

In Plaintiff's First Amended Complaint, Plaintiff's statement of the "Nature of the Action" includes Defendants' "failure to comply with rest and meal period requirements." FAC ¶ 2. In the "Factual Background" section, Plaintiff includes the "failure to provide timely proper meals periods of a full thirty minutes as a result of donning and doffing and walking time, or to pay PLAINTIFFS and the Class additional pay for improper meal periods" as one of the unlawful practices and policies Defendants maintained or enforced against their non-exempt employees. FAC ¶ 15. In "Count Four," Plaintiff quotes the California Labor Code section that sets forth the state's law regarding meal and rest periods, but only asserts claims for rest period violations. FAC ¶¶ 52-57. Plaintiff seeks to amend the complaint to include meal period violations in Count Four, allegations related to meal period violations to support his minimum wage claims (Count One and Two), and meal period violations as an additional predicate for his UCL claim. Palau Decl. Ex. 1 at 10-12, 14-15, 21. Defendants argue that these additions are time-barred because Plaintiff last worked for Defendants in May of 2013, over three years ago. Opp. at 14; Susko Decl. at 2:19-20.

Meal period claims brought under Cal. Lab. Code § 226.7 are subject to the three-year statute of limitations for liabilities created by statute. Murphy v. Kenneth Code Prod., Inc., 40 Cal. 4th 1094, 1114 (2012); Cal. Code Civ. P. § 338. Plaintiff argues that the statute of limitations "is extended to four years when

6

the wage claim is accompanied by an Unfair Competition claim under California Business & Professions Code section 17200 *et seq.*" Mot. at 9. Plaintiff seeks to add the meal period violations to not only his UCL claims but also to his independent Labor Code claims. Relying only on the California Supreme Court's holding in Cortez v. Purolator Air Filtration Prod., Co., 23 Cal. 4th 163, 168 (2000), Plaintiff seems to contend that when a wage claim under the Labor Code serves as predicate for a UCL claim, the statute of limitations period extends for each cause of action.

    The Court finds that the Cortez holding does not extend as far as Plaintiff claims. Under Cortez, a four-year statute of limitations will apply to a UCL claim predicated on a Labor Code violation with a shorter statute of limitations. Id. Cortez does not hold that once a violation serves as predicate to a UCL claim the statute of limitations for the independent Labor Code violation also extends to four years. As Judge Levi in this District explained, when a plaintiff borrows the violation of another law in order to make a UCL claim, "the two causes of action do not become one." Pac. Gas & Elec. Co. v. Jesse M. Lange Distrib., Inc., No. CIVS051180DFLKJM, 2005 WL 3507968, at *6 (E.D. Cal. Dec. 21, 2005). "The UCL claim must remain a separate cause of action because the UCL provides its own procedural guidelines and limited remedies[;] . . . [m]erely bringing a UCL claim does not allow a plaintiff to circumvent the statute of limitations already developed by the California legislature for different remedies under a different statute." Id; see also Singer v. Becton, Dickenson & Co., No. 08cv821 IEG

7

(BLM), 2008 WL 2899825 (S.D. Cal. July 25, 2008) (dismissing a labor code violation as time barred but allowing the violation to serve as a predicate for the UCL claim).  Insofar as Plaintiff asserts the meal period violations as a cause of action separate from his UCL claim, the three-year statute of limitations applies.

Plaintiff may overcome this barrier if his new claim relates back to the original filing.  "When, as here, state law provides the applicable limitations period an amended complaint relates back to an original complaint when it satisfies either state or federal law on relation back." Rosholm v. Byb Brands Inc., No. SACV 15-1728 JVS (KESx), 2016 WL 1445592 (C.D. Cal. Feb. 22, 2016) (citing Butler v. Nat'l Cmty. Renaissance of Cal., 766 F.3d 1191, 1201 (9th Cir. 2014)).  In California, "amendments alleging a new theory of liability against the defendant have been found to relate back to the original complaint, so long as the new cause of action is based on the same set facts previously alleged." Amaral v. Cintas Corp. No. 2, 163 Cal.App.4th 1157, 1199–200 (2008).  "[T]he critical inquiry is whether the defendant had adequate notice of the claim based on the original pleading." Point San Diego Residential Cmty., L.P. v. Procopio, Cory, Hargreaves & Savitch, LLP, 195 Cal.App.4th 265, 277 (2011).  Federal law permits relation back when the amendment asserts a claim that "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).  Federal courts compare the original complaint with the amended complaint and decide "whether the claim to be added will likely be proved by the same kind of

evidence offered in support of the original pleading." *Percy v. S.F. Gen. Hosp.*, 841 F.2d 975, 978 (9th Cir. 1988). "To relate back, 'the original and amended pleadings must share a common core of operative facts so that the adverse party has fair notice of the transaction, occurrence, or conduct called into question.'" *ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014) (quoting *Martell v. Trilogy Ltd.*, 872 F.2d 322, 325 (9th Cir. 1989)).

As noted above, Plaintiff's FAC includes factual allegations that Defendants failed to provide the required meal periods or to pay Plaintiff additional pay for improper meal periods. FAC ¶ 15. Defendants were thus on notice of the meal period issue and the claim will relate back to the original complaint.

Defendants further argue that even if the meal period claim relates back to the original complaint, the claim would not survive a motion to dismiss and is thus futile. Opp. at 17. The Court will briefly address this contention but has not considered Defendants' argument beyond the page limit. *See* Section III, *infra*.

Meal period requirements are governed by California Labor Code § 512. Employers must provide the employee with a meal period of not less than 30 minutes for a work period of more than five hours per day, except if the total work period per day is no more than six hours or there is a valid waiver. Cal. Lab. Code § 512(a). A second meal period must be provided for a work period of more than ten hours per day, except if the total hours worked is no more than twelve hours and certain waiver conditions are met. *Id.* As interpreted by the California Supreme Court, an

1  employer satisfies its obligation under Section 512 "if it
2  relieves its employees of all duty, relinquishes control over
3  their activities and permits them a reasonable opportunity to
4  take an uninterrupted 30-minute break and does not impede or
5  discourage them from doing so." Brinker Rest. Corp. v. Super.
6  Ct., 53 Cal. 4th 1004, 1040 (2012). "[T]he employer is not
7  obligated to police meal breaks and ensure no work thereafter is
8  performed." Id.
9      Plaintiff's meal period claim survives the plausibility
10 standard. Plaintiff's complaint alleges that Defendants failed
11 to provide proper meal periods "as a result of donning and
12 doffing and walking time." FAC ¶ 15. Though sparse, these
13 allegations are not merely conclusory and sufficiently state a
14 plausible claim for relief. See Iqbal, 556 U.S. at 678.
15         b.   Additional Allegations
16     Plaintiff also seeks to elaborate on the allegations
17 supporting his claims for unpaid minimum wages and overtime
18 wages. Mot. at 1. In his First Amended Complaint, Plaintiff
19 alleges that Defendants failed to pay all minimum wages due as a
20 result of unpaid time and all overtime wages due as a result of
21 unpaid time. FAC at 5. In his proposed Second Amended
22 Complaint, Plaintiff specifies that "unpaid time" is for time
23 worked "on and off the clock." Palau Decl. Ex. 1 at 5:20–23.
24 Plaintiff further elaborates, in support of Fair Labor Standards
25 Act claims, Count One, that Defendants "fail[ed] to pay for all
26 time worked on the clock, failing to pay for all time worked off
27 the clock, and as a result of practices that include unpaid
28 donning and doffing and walking time, rounding of employee time

1  that resulted over time in failure to compensate properly for all
2  hours worked, automatic deductions of time for meals breaks, and
3  other failures to pay for all hours worked and for work completed
4  in excess of 40 hours at the required overtime rate." Id. at
5  11:1-7.  Similar additional facts are alleged under Count Two,
6  Failure to Pay State Minimum Wages. Id. at 12:3-8.  Plaintiff's
7  counsel states Plaintiff seeks to add these allegations due to
8  Defendants' objection to production of records sought in
9  discovery to support Plaintiff's unpaid wages claim.  Palau Decl.
10 at 2:23-3:1, 3:14-16.
11      Defendants argue that Plaintiff's time rounding allegations
12 do not relate back to the original complaint, that the new theory
13 of unlawful rounding fails to state a cause of action, and that
14 the motion fails to provide foundation for Plaintiff's new theory
15 of unlawful rounding.  Opp. at 6-13.  Defendants analogize this
16 situation to that of Williams v. Boeing Co., where the Ninth
17 Circuit found that a new claim for compensation discrimination
18 was "a new legal theory depending on different facts, not a new
19 legal theory depending on the same facts," and held that the
20 amendment did not relate back to the original complaint.  517
21 F.3d 1120 (9th Cir. 2008).
22      Plaintiff's allegations arose from the same conduct,
23 transaction, or occurrence attempted to be set forth in the
24 original pleading, making relation back proper.  See Guerrero v.
25 RJM Acquisitions, LLC, 499 F.3d 926 (9th Cir.) (approving the
26 district court's decision to permit the plaintiff's amendment to
27 add more specific facts where the federal relation back standard
28 was satisfied).  Plaintiff does not seek to add a new claim or

11

defense, but, instead, to elaborate on Defendants' behavior in support of claims already made. That behavior concerns Defendants' time-keeping practices and work policies, which Defendants were already aware would be central to this litigation. Unlike the situation in <u>Williams</u>, Plaintiff—in contrast to the meal period amendment—does not seek to add a new claim to his complaint. The unpublished district court decisions Defendants cite are also distinguishable from the current matter and thus are not instructive. In <u>Richie v. Blue Shield of Cal.</u>, the plaintiff, in moving for class certification, sought to certify claims for "infrastructure expenses" that were not enumerated in her pleadings for other types of expenses. No. C-13-2693 EMC, 2014 WL 6982943 (N.D. Cal. Dec. 9, 2014). Noting that the plaintiff had never sought to amend her allegations to include these expenses and that a class certification motion had already been filed, the court would not permit the addition. <u>Id.</u> In <u>Brewer v. Gen. Nutrition Corp.</u>, the court, at summary judgment, determined that a waiting time penalties claim that the plaintiffs first asserted in the third amended complaint would not relate back to the original complaint. No. 11-CV-3587 YGR2015 WL 5072039 (N.D. Cal. Aug. 27, 2015). Neither case involved a plaintiff seeking to amend a complaint to include more specific allegations to support a previously asserted claim.

    Defendants further argue that the addition of time-rounding allegations is futile because time-rounding policies are lawful. Opp. at 11. The federal time-rounding regulation, as interpreted by federal courts and adopted by the California Appellate Court in <u>See's Candy Shops, Inc. v. Superior Court</u>, "permits employers

to use a rounding policy for recording and compensating employee time as long as the employer's rounding policy does not consistently result in a failure to pay employees for time worked." 210 Cal.App.4th 889, 907 (2012) (quoting Alonzo v. Maximus, Inc., 832 F. Supp. 2d 1122, 1126 (C.D. Cal. 2011)). "Assuming a rounding-over-time policy is neutral, both facially and as applied, the practice is proper under California law because its net effect is to permit employers to efficiently calculate hours worked without imposing any burden on employees." Id. at 903. In support of their argument, Defendants point to Harding v. Time Warner, Inc., an unpublished decision in which the district court found that the plaintiff's "bare factual allegation of a practice of rounding of reported time worked to the nearest 15 minutes" could not save her complaint from dismissal. No. 09CV1212-WQH-WMc, 2009 WL 2575898, at *4 (S.D. Cal. Aug. 18, 2009). In this case, however, Plaintiff does not merely assert that Defendants had a practice of time-rounding; Plaintiff's amended complaint would assert that Defendants' rounding practices, over time, resulted in a failure to compensate for hours worked. See Palau Decl. Ex. 1 at 8:5-9, 11:4-5, 12:5-6. Although a relatively close issue, at this stage of the litigation the Court finds these allegations meet the plausibility standard and survive a motion to dismiss. See Iqbal, 556 U.S. at 678.

Defendants' final argument, that the Court should reject Plaintiff's amendments because his motion fails to provide foundation for the unlawful rounding allegations, is unconvincing. Defendants do not cite to any evidentiary standard

13

1   for amendments to the pleadings.  This Court will not make a
2   dispositive ruling, based on the insufficiency of the evidence,
3   on the unlawful rounding allegations at this point in the
4   proceedings, where Plaintiff seeks to amend his pleading in order
5   to advance the discovery process.
6        For the reasons explained above, and in light of Rule 15's
7   generous amendment policy, the Court does not find that
8   Plaintiff's proposed amendments are futile.
9              2.   Prejudice, Undue Delay, Bad Faith, and Prior
                    Amendment
10
11       The Court may also consider prejudice to opposing party,
12  undue delay, bad faith, and prior amendment in deciding whether
13  to grant leave to amend.  The Court will consider these factors
14  without the benefit of argument from Defendants' Opposition or
15  Plaintiff's Reply, as both argued these points beyond the set
16  page limit.  See Section III, infra.
17       In their introduction, Defendants argue that Plaintiff
18  unduly delayed pursuit of amendment by waiting more than two
19  years to seek amendment and that amendment would prejudice
20  Defendants because they would have to re-investigate and re-
21  prepare its defenses to Plaintiff's claims.  Opp. at 1.  They do
22  not allege any bad faith.  Plaintiff argues that no trial date or
23  discovery cutoff has been set and that Defendants have been aware
24  of the of the issues raised in the amendments due to
25  communications between the parties through the discovery process.
26  See Rep. at 2; Mot at 3, 13; Palau Decl. at 2:7-15, 2:20-22;
27  accord Sullivan Decl. at 2:12-21.  Further, Plaintiffs contend
28  that all of the time and payroll records necessary for trial are

within Defendants control and Defendants will have plenty of time to complete discovery and prepare for trial. Rep. at 2.

The Court finds that no factors are present that would warrant denial of leave to amend. As Plaintiff points out, no trial date has been set and discovery is ongoing. Further, as discussed in the futility analysis above, the new claim and allegations arise from a core of operative facts that put Defendants on notice that such allegations could arise. The parties themselves began discussing these issues during discovery several months ago. Despite the fact that the amendments will require additional discovery and preparation, Defendants will not be prejudiced to an extent that would warrant denial, especially before a scheduling order has issued. Finally, Plaintiff explained that the reason for delay was that the deficits in the FAC did not become apparent until the parties conferred over discovery this past spring. Although Plaintiff waited over two years to request the amendments, that delay, alone, cannot justify denial. See DCD Programs, 833 F.2d at 186.

### III.   ORDER

For the reasons set forth above, the Court GRANTS Plaintiff's Motion for Leave to Amend. Plaintiff shall file his Second Amended Complaint ("SAC") within five days of the date of this Order. Defendants shall file their responsive pleading within twenty days of the SAC filing date.

Finally, the Court issued its Order re Filing Requirements for Cases Assigned to Judge Mendez ("Order") on January 8, 2016. ECF No. 19-1. The Order requires that memoranda in support of or in opposition to all motions—other than those filed under Federal

1  Rule of Civil Procedure 56 and 65, post-judgment, and post-trial
2  motions—not exceed fifteen pages and that reply memoranda in
3  support of the motion not exceed five pages.  The Order also
4  states that violations of the page limit will result in the
5  imposition of monetary sanctions against counsel in the amount of
6  $50.00 per page and that the Court will not consider any
7  arguments made past the page limit.  Defendants' Opposition to
8  Plaintiff's Motion for Leave to Amend Complaint exceeds the limit
9  by six pages.  Plaintiff's reply exceeds the five page limit by
10 fourteen pages.  The Court imposes sanctions against counsel for
11 the Defendant in the amount of $300.00 and against counsel for
12 the Plaintiff in the amount of $700.00.  The Court has not
13 considered any arguments made after page fifteen of either
14 memoranda and page five of Plaintiff's reply. The attorneys for
15 both parties shall pay these monetary sanctions within five days
16 of the date of this Order.
17        IT IS SO ORDERED.

19     Dated:   October 24, 2016

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE